UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

John C. Votta, Jr.,
d/b/a Golden Auto

    v.                                           Civil No. 08-cv-464-SM

Virginia C. Beecher, Director,
State of New Hampshire
Department of Motor Vehicles

**REPORT AND RECOMMENDATION**

John Votta has filed this action, pursuant to 42 U.S.C. § 1983, claiming that his Fourteenth Amendment right to equal protection under the law was violated when the defendant declined to renew Votta's vehicle dealer license. As Votta is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether the complaint asserts any claim upon which relief might be granted. See United States District Court District of New Hampshire Local Rule 4.3(d)(1)(B).

Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. Id. In conducting the

preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Votta is the owner of Golden Auto, an auto dealership he established in 1984.  In 1993, Golden Auto relocated from Derry, New Hampshire to Pelham, New Hampshire after defendant, the

Director of the New Hampshire Department of Motor Vehicles ("DMV"), granted Votta a bonded vehicle dealer license to run Golden Auto.  According to the complaint, such a license does not entitle an auto dealer to use regular dealer license plates. Typically, a business granted a bonded vehicle dealer license operates from unconventional locations, such as a personal residence, without a sign displaying that a business is located there.

In May of 1998, Votta applied for a wholesale vehicle dealer license, under the name Mom & Pop Auto, which would allow him to use regular dealer plates.  The DMV denied Votta's application after the Town of Pelham's planning director prohibited Votta from displaying any sign for the sale of vehicles at Golden Auto's location in Pelham.  Every March, from 1998 through 2005, Votta received an application for a renewal of his retail vehicle dealer license from the DMV in the mail, and had the license renewed accordingly.

In May of 2006, however, Votta apparently did not receive a renewal application.  Votta contacted the DMV in May of 2006 and was told by a DMV employee that the renewal application had been returned to the DMV by the post office as undeliverable, and that

Votta must therefore file a new application. Votta stated that his license should be renewed because there was a current dealer bond on file, and that, except for one failed mailing, no other attempt was made to contact Votta.[1]

Between May 2006 and December 2006 Votta made numerous unsuccessful attempts to reach defendant to discuss the DMV's policy regarding license renewal. Votta also states that as of March 2007, defendant had granted thirty vehicle dealer licenses in Pelham, of which seventeen are located in a non business residential zone without any on-site advertising of vehicle sales, the type of license Votta sought unsuccessfully to renew.

Liberally construed, Votta's complaint alleges that the DMV's policy regarding vehicle dealer license renewal, as applied to him, resulted in Votta being treated differently than other similarly situated persons. Votta claims that other business owners, similarly situated to Votta, have been licensed and

---

[1] Votta's complaint states that Votta raised another ground in his discussion with the DMV, specifically, that "similar to an exception allowed in 1998, an exception to filing a new application should also be made based on prior rulings by the town of Pelham which restricts on site advertising of vehicles for sale in a residential zone." This statement is unintelligible. The arguments made to the DMV, however, are not material to my recommendation in this matter.

permitted to run similar businesses in Pelham.  Votta claims that this selective treatment violates his Fourteenth Amendment rights.

## Discussion[2]

Votta claims that vehicle dealer licensing laws have been selectively enforced against him, subjecting him to disparate treatment, in violation of his Fourteenth Amendment equal protection rights. In order to establish an equal protection violation, plaintiff must:

> adduce sufficient evidence from which a rational jury reasonably could conclude that, compared with others similarly situated, he was selectively treated . . . based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.

Tapalian v. Tusino, 377 F.3d 1, 5 (1st Cir. 2004) (internal citations omitted).  "Selective enforcement claims are judged according to ordinary Equal Protection standards, which require a petition to show both a discriminatory purpose and a

---

[2]The claim, as identified here, will be considered to be the claim raised in the complaint for all purposes.  If Votta disagrees with this identification of his claim, he must do so by objection to this Report and Recommendation or by properly moving to amend his complaint.

discriminatory effect." Gardenhire v. Schubert, 205 F.3d 303, 318 (6th Cir. 2000).

Plaintiff's claim asserts that he is a "class of one," and therefore, for purposes of the equal protection analysis, he must demonstrate that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." See Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 104 (1st Cir. 2002). An equal protection claim succeeds only if the decision to treat plaintiff differently than those similarly situated is wholly "arbitrary or irrational." Me. Cent. R.R. Co. v. Bhd. of Maint. of Way Employees, 813 F.2d 484, 492 (1st Cir. 1987). Plaintiff must demonstrate that the selective treatment he suffered, as a class of one, "was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure [plaintiff]." Rubinovitz v. Rogato, 60 F.3d 906, 910 (quoting Yerardi's Moody St. Rest. & Lounge, Inc. v. Bd. of Selectmen, 878 F.2d 16, 21 (1st Cir. 1989)). Further, to allege a selective treatment claim based on malicious intent or bad faith of a

government official, plaintiff "must establish more than that the government official's actions were simply arbitrary or erroneous; instead the plaintiff must establish that the defendant's actions constituted a 'gross abuse of power.'"  Tapalian, 377 F.3d at 6 (citing Baker v. Coxe, 230 F.3d 470, 474 (1st Cir. 2000), Rubinovitz, 60 F.3d at 912 (nothing that "gross abuse of power" may obtain where official harbors personal hostility toward plaintiff, and undertakes a "malicious orchestrated campaign causing substantial harm"), and Vill. of Willowbrook, 528 U.S. at 566 (Breyer, J., concurring) (discussing necessity of demonstrating "extra factors" to establish equal protection violation, such as "vindictive action," "illegitimate animus," or "ill will")).

   Here, Votta has failed to allege facts that demonstrate a violation of each of the elements of his Fourteenth Amendment equal protection claim.  To demonstrate selective treatment, Votta points to retail vehicle dealer licenses granted to other similar car dealers in Pelham during the same time frame that he was denied such a license.  While nonspecific, I find that this assertion, for purposes of preliminary review, is sufficient to allege selective treatment.

Even granting that Votta has stated he was subjected to selective treatment by the defendant, however, he has failed to allege any facts which demonstrate that such treatment was unconstitutional. Votta has not alleged that the selective treatment was based on impermissible considerations, as set out in <u>Rubinovitz</u>. 60 F.3d at 910. Further, to the extent that Votta rests his Fourteenth Amendment claim on generalized malicious intent or bad faith, there are no facts alleged which allow me to find that such an intention was at work in denying his vehicle dealer license, much less that the denial of his license constituted a "gross abuse of power" by defendant. <u>See</u> <u>Tapalian</u>, 377 F.3d at 6. Accordingly, I recommend that this complaint be dismissed for failing to state a claim upon which relief might be granted.

<u>Conclusion</u>

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Unauthorized Practice of</u>

Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Justo Arenas
United States Magistrate Judge

Date:     February 13, 2009

cc:       John C. Votta, pro se